IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH STEELE, a Washington resident. | )<br>)<br>) |
| Plaintiff, | ) NO.<br>) |
| vs. | ) COMPLAINT FOR<br>) DECLARATORY AND |
| PANOS PROPERTIES LLC., a Washington corporation, | ) INJUNCTIVE RELIEF<br>)<br>) **JURY DEMAND** |
| Defendant. | )<br>) |

COMES NOW Plaintiff, Sarah Steele by and through her attorneys, Lance M. Hester of the Hester Law Group, Inc., P.S. and Conrad A. Reynoldson of Washington Civil And Disability and for her Complaint for Declaratory and Injunctive Relief states and alleges as follows:

I.    **OVERVIEW**

1. The Americans with Disabilities Act and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 1

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

2. A restaurant, bar, or other establishment serving food or drink is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

3. Twenty-six years after the passage of the Americans with Disabilities Act, defendants discriminate against individuals with disabilities because they own or operate places of public accommodation that do not comply with the ADA's accessibility laws and regulations that were enacted into law to protect persons with mobility disabilities.

4. Therefore, Plaintiff brings this action to end the Defendants' civil rights violations against persons with mobility disabilities committed by Panos Properties, LLC which leases the property where Taco Del Mar And Subway and other tenants operate their places of public accommodation.

## II. PARTIES

5. Plaintiff, Sarah Steele, is a Washington resident and resides in this district.

6. Ms. Steele is a qualified person with a disability who uses a power wheelchair and a modified van for transportation and requires accessible parking and an accessible route to patronize the tenants.

7. Panos Properties LLC is a Washington corporation.

8. Panos Properties LLC owns or leases the property at 210 Main Street, Kirkland, WA 98033, where Taco Del Mar And Subway and other tenants operate their places of public accommodation.

9. Adam Asher is the attorney representing Panos Properties LLC.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 2

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

## III. JURISDICTION AND VENUE

10. This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

11. This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

12. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

13. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and Damages occur in this district.

## IV. FACTUAL ALLEGATIONS

14. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

15. The ADA prohibits public accommodations from providing individuals with disabilities with separate or unequal benefits and services.

16. The tenants of this property are examples of countless places of public accommodation that have substantial and numerous compliance issues with the ADA. (Approximately only 2% of places of public use are completely ADA compliant. Carrie Becker, Private Enforcement of the Americans with Disabilities Act Via Serial Litigation: Abusive or Commendable?, 17 HASTINGS WOMEN'S L.J. 93, 99 (2006).)

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 3

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

17. Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

18. Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." *Id.*

19. Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." *Id.*

20. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In short, Title III of the ADA establishes a private cause of action for aggrieved plaintiffs; among its remedies are reasonable attorney's fees. 42 U.S.C. § 12205.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 4

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

21. Ms. Steele is a qualified individual with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

**Taco Del Mar and Subway**

22. Ms. Steele is a Kirkland resident and recently patronized the tenants of this property leased by Defendant using her power wheelchair and modified vehicle, and she plans to do so again in the future.

23. Ms. Steele travels around Kirkland on a regular basis.

24. This property does not comply with the ADA's accessibility laws and regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) or the 2010 ADA Standards for Accessible Design (2010 Standards).

25. When she has patronized the tenants, Ms. Steele observed an insufficient number of accessible parking spaces, accessible parking slope violations, no van accessible parking, insufficient or entirely missing accessible parking signage, and steep and dangerous curb ramps in violation of the ADA.

26. Ms. Steele requires van accessible parking in order to safely enter and exit her modified van in her power wheelchair.

27. Ms. Steele requires level accessible parking in order to safely enter and exit her modified van in her power wheelchair.

28. Ms. Steele requires curb ramps that meet slope requirements in order to safely traverse up and down the curb ramps without a significant fall risk.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 5

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

29. On January 17, 2017, Defendant's registered agent was sent a letter from counsel for Ms. Steele notifying him that his client's property has significant ADA violations.

30. In this initial letter, counsel for Ms. Steele requested a meeting to come to written settlement agreement in lieu of filing a lawsuit against Panos Properties LLC.

31. Panos Properties LLC was then initially represented by an attorney named Ronald D. Allen.

32. On January 31, 2017 Mr. Allen responded to the January 17, 2017 letter and wrote that his client had engaged its architect to evaluate whether the parking spaces or curb ramps failed to comply with the Americans with Disabilities Act. He stated if they did that they would be appropriately corrected.

33. On February 1, 2017 counsel for Ms. Steele reiterated via email that a written settlement agreement would be required to fully enforced without the need for litigation. Counsel for Ms. Steele included a draft settlement agreement in order to attempt to enter into good faith settlement negotiations. He asked Mr. Allen to state whether he was willing to meet to discuss settlement terms by February 6, 2017.

34. On February 2, 2017 Mr. Allen declined to meet. He stated that he had no idea if any ADA violations had occurred or the allegations. Mr. Allen stated that if counsel for Ms. Steele that the matter could potentially be revisited later when his analysis is complete. Mr. Allen then, despite his claim of not knowing anything about the alleged violations, claimed that he was confident that any court would

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 6

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

dismiss a lawsuit on grounds that it would be "frivolous" and "unfounded". He further claimed that because the ADA allows attorneys' fees once a violation has been discovered none would be awarded here.

35. Ms. Steele first observed and informed her counsel of all of the violations in August, 2016.

36. On February 17, 2017 Counsel for Ms. Steele attempted to speak with Mr. Allen by phone. However, the case was passed to another attorney at the firm named Adam Asher. Mr. Asher asked where to direct his architect. Counsel for Ms. Steele responded that, if they are competent regarding ADA requirements and they are aware that the allegations concern accessible parking, then the architect will be able to quickly identify the problems. Mr. Asher asked for an attorney fee demand to consider for a settlement.

37. Mr. Asher sent a follow-up email later that day and requested more specificity. He also stated that it was his understanding that counsel for Ms. Steele be putting together a firm settlement offer and would hold off on filing a lawsuit while the offer was reviewed.

38. Counsel for Ms. Steele replied to the email later that day and stated the amount of the firm offer as well as the specific terms of the proposed settlement agreement to remediate the alleged ADA violations. Counsel for Ms. Steele reiterated that an ADA architect would find the noncompliance readily apparent. Counsel for Ms. Steele stated that given we have assurance that the offer will be promptly presented to the client, and no suit would be filed before February 22, 2017.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 7

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

39. On February 21, 2017 Mr. Asher requested a breakdown of attorney fees for the proposed settlement and also requested the proposed release language for the settlement.

40. On February 23, 2017 counsel for Ms. Steele responded and further explained the terms of the settlement and stated that the breakdown would be sent shortly upon receipt of the fee breakdown from co-counsel.

41. On February 24, 2017 counsel for Ms. Steele sent the remaining fee breakdown as well as a draft settlement agreement. Mr. Asher then confirmed later that day that he would take it to his client and get back to counsel for Ms. Steele the next week.

42. Counsel for Ms. Steele followed up on March 3, 2017 after not hearing back from Mr. Asher. Mr. Asher stated it would be another week.

43. On March 8, 2017 Mr. Asher stated that the architect only identified some minor issues that are easily correctable. He stated that the client has already had contractors out to start making the corrections. Further, he stated that the corrections are already underway and may even be completed. Mr. Asher then stated that he did not believe litigation or settlement would be necessary.

44. On March 15, 2017 counsel for Ms. Steele visited the property in question and confirmed that no corrections had been made despite Mr. Asher's claim.

45. On March 16, 2017 counsel for Ms. Steele confronted Mr. Asher via email and stated that nothing visible is underway and nothing is complete. Counsel for Ms. Steele informed Mr. Asher that a lawsuit would be filed next week unless a good faith settlement offer was made.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 8

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

46. On March 17, 2017 Mr. Asher responded and stated that his client had been diligently working to correct the issues. He stated that new ADA compliant ramps had been designed; all the necessary materials ordered; and that they had applied for a permit with the city of Kirkland. He stated that the permit was currently finishing review by the city of Kirkland. Mr. Asher claimed that the contractor expected to have the permit in hand early the next week and was scheduled to begin the initial excavation for new ramps on March 21, 2017. Mr. Asher informed counsel for Ms. Steele that the client's actions were voluntary and that litigation would not be necessary.

47. On March 28, 2017 counsel for Ms. Steele again visited the property and confirmed that no changes have been made.

48. Ms. Steel most recently patronized the Subway on April 1, 2017 and again observed that no changes had been made. Unfortunately, despite defense assurances dating back two months to February 2, 2017, that litigation was unnecessary, by April 1, 2017, it became clear the formal civil legal process ensured by the ADA was needed to enforce compliance with the ADA.

49. Taco Del Mar and Subway are not safe for people who use wheelchairs and modified vehicles because they do not comply with the ADA's accessibility laws and regulations.

50. Taco Del Mar and Subway are not welcoming to people who require the use of wheelchairs and modified vehicles because they do not comply with the ADA's accessibility laws and regulations.

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

51. The failure of Panos Properties LLC to make Taco Del Mar And Subway and other tenants comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

52. This case illustrates the vital role that the court must often play in enforcing the legal requirements of the ADA. ADA requirements as specified in ADA Standards for Accessible Design were thoughtfully crafted in order to strike a fine balance between maximizing accessibility and being economically feasible for places of public accommodation. As such, when it is readily achievable to do so, noncompliance is without excuse.

## V. FIRST CAUSE OF ACTION

53. Ms. Steele incorporates by this reference the allegations in the paragraphs above.

54. Ms. Steele is a qualified individual with a disability within the meaning of Title III of the ADA.

55. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

56. Defendant, Panos Properties LLC owns or leases the property where Taco Del Mar and Subway are located.

57. Taco Del Mar And Subway and other tenants are places of public accommodation. 42 U.S.C. § 12181(7)(B).

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 10

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

58. Defendant has discriminated against Plaintiff on the basis of her disability.

59. Defendant's discriminatory conduct includes but is not limited to:

    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

    d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

    e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

60. As such, Defendant discriminated and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at the restaurants in question in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 11

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

61. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Ms. Steele, and this harm continues.

62. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Steele to declaratory and injunctive relief. 42 U.S.C. § 12188.

63. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Steele to recover her reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI. SECOND CAUSE OF ACTION

**Violation of the Washington Law Against Discrimination
(R.C.W. §§ 49.60.010 et seq.)**

64. Ms. Steele incorporates by this reference the allegations in the paragraphs above.

65. Ms. Steele is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

66. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . ."

67. Defendant, Panos Properties LLC leases the property at 210 Main St, Kirkland, WA 98033 to Taco Del Mar and Subway and other tenants.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 12

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

68. Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

69. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

70. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Ms. Steele has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

71. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Ms. Steele the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

72. Ms. Steele has a clear legal right to access Taco Del Mar and Subway and other tenants under the Washington Law Against Discrimination.

73. Ms. Steele has the right for Taco Del Mar and Subway and other tenants to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 13

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

74. Taco Del Mar and Subway and other tenants do not comply with the ADA's accessibility laws and regulations.

75. Because the Taco Del Mar and Subway and other tenants property do not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209 (2000).

76. Pursuant to RCW § 49.60.030(2), Ms. Steele is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Ms. Steele respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Panos Properties LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because the access to the Taco Del Mar and Subway and other tenants does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Taco Del Mar and Subway and other tenants property into compliance with the ADA's accessibility laws and regulations;

4. Award Ms. Steele reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 122205 and RCW § 49.60.030(2);

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF - 14

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

5. Award actual, compensatory, and/or statutory damages to Ms. Steele for violations of her civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper and equitable.

DATED THIS 4th day of April, 2017.

HESTER LAW GROUP, INC., P.S.
Attorneys for Plaintiff

By: _____
Lance M. Hester
WSB# 27813

WASHINGTON CIVIL And DISABILITY ADVOCATE
Attorneys for Plaintiff

By: _____
Conrad Reynoldson
WSB# 48187