THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARAH STEELE,

        Plaintiff,

    v.

PANOS PROPERTIES LLC,

        Defendant.

CASE NO. C17-0525-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. No. 7). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Plaintiff's motion and GRANTS summary judgment in favor of Defendant for the reasons explained herein.

## I. BACKGROUND

Plaintiff Sarah Steele relies on a wheelchair for her mobility and has a state-issued disabled parking permit. (Dkt. No. 9.) Plaintiff is a patron of businesses at Kirkland Square. (*Id.*) Defendant Panos Properties owns Kirkland Square. (Dkt. No. 8.) On her visits to Kirkland Square, Plaintiff observed and dealt with multiple issues with the parking lot such as (1) the absence of a "van accessible" handicap parking spot, (2) curb ramps that were too steep, (3) lack of an access aisle or one that was too narrow, (4) improper or absent signage, and (5) the run slope of one handicap space was too steep. (Dkt. No. 9.)

Through her attorney, Plaintiff informed Defendant of these alleged deficiencies. The subsequent events leading up to and involving this lawsuit are vital to this Court's decision, and will be listed chronologically.

- January 17, 2017 – Plaintiff's counsel sends Defendant a letter notifying it of the alleged Americans with Disabilities Act (ADA) violations. (Dkt. No. 15 at 5.)
- January 31, 2017 – Defendant responds that it intends to cure any aspects of the parking lot that are not in compliance with the ADA and that it has hired an architect to evaluate the parking lot. (*Id.* at 7.)
- February 1, 2017 – Plaintiff acknowledges receipt of the letter and states "we do not wish to sue anyone unless it is necessary to reach compliance with the law." (*Id.* at 9.)
- February 17, 2017 – Defendant emails Plaintiff requesting some specificity as to what needs to be changed in the parking lot. (*Id.* at 16.) Plaintiff responds, "As I mentioned, assuming the architect agrees with my view and our client's view of the parking, it will immediately recognize the deficiency and need to address it properly. Otherwise, I can only recommend a full assessment of the property for ADA-compliance." (*Id.* at 15.)
- February 28, 2017 – Defendant's architect evaluates the parking lot. (Dkt. No. 17 at 2.)
- March 1, 2017 – Defendant's architect provides recommendations to bring the parking lot into compliance with the ADA. (*Id.*)
- March 2, 2017 – Defendant contacts its contractor, who in turn contacts its architect to draw up the plans to be submitted to the City of Kirkland. (*Id.*)
- March 9, 2017 – Defendant's contractor submits the permit application to the City of Kirkland for approval. (*Id.*)
- March 16, 2017 – Plaintiff emails Defendant to inform it that Plaintiff's counsel

| | |
|---|---|
| 1 | visited the site and nothing was underway and that she will be filing a lawsuit the |
| 2 | following week unless she receives a good-faith response. (Dkt. No. 15 at 20.) |

- March 17, 2017 – Defendant emails Plaintiff to inform her that it is expecting the permit to be approved the following week, at which point construction will begin. (*Id.* at 19.) However, the City of Kirkland did not review the permit for five weeks. (Dkt. No. 17 at 2.)
- April 4, 2017 – Plaintiff files suit. (Dkt. No. 1.)
- April 13, 2017 – The City of Kirkland requests changes be made to the submitted designs prior to approval. (Dkt. No. 16 at 2.)
- April 18, 2017 – Defendant's architect submits the revised designs. (*Id.*)
- April 26, 2017 – The City of Kirkland approves the permit. (*Id.*)
- May 1, 2017 – Defendant begins construction on the parking lot. (*Id.*)
- May 2, 2017 – Plaintiff files the present motion for summary judgment. (Dkt. No. 7.) The motion for summary judgment is the first filing or communication in which Plaintiff specifically identifies what should be corrected under ADA guidelines.
- May 11, 2017 – Defendant's architect and contractor submit a revised permit application because during the course of construction, they realized the plans initially approved by the City of Kirkland would need to be revised to ensure ADA compliance. (Dkt. No. 16 at 3.)
- May 16, 2017 – The City of Kirkland issues Defendant a revised permit. (*Id.*)
- May 18, 2017 – Construction resumes. (*Id.*)
- May 26, 2017 – Defendant completes revisions of the parking lot, curing all defects identified by Plaintiff in her motion for summary judgment. (*Id.* at 3–4; Dkt. No. 19.)

Plaintiff's motion for summary judgment, requests that the Court find the following:

1. Plaintiff is a qualified individual with a disability;
2. Defendant leases a place of public accommodation at 210 Main St., Kirkland, Washington—which is known as Kirkland Square;

3. Defendant is required to comply with ADA standards, including Title III of the ADA and its regulations;
4. Defendant does not comply with several specific ADA standards;
5. Defendant is required to comply with [the Washington Law Against Discrimination] WLAD standards . . . and its regulations; and
6. By not complying with such standards, Defendant discriminates on the basis of disability.

(Dkt. No. 7 at 2.) For purposes of deciding this motion, the Court assumes that (1) Plaintiff is a qualified individual with a disability, (2) Defendant leases a place of public accommodation, and (3) Defendant is required to comply with the ADA.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court shall grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court views the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). Under Rule 56(f)(1), the Court may grant summary judgment to the nonmoving party after giving advance notice and a reasonable time to respond.

### B. The Americans with Disabilities Act

The ADA requires places of public accommodation to make their facilities "accessible to and usable by individuals with disabilities." 42 U.S.C. § 12183. One of the purposes of the ADA

ORDER
PAGE - 4

is to eradicate physical barriers which prevent people with disabilities from enjoying public places. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). However, "[b]ecause a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (citing 42 U.S.C. §§ 2000a-3(a), 12188(a)(2)); *see also Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1262 (9th Cir. 2015) (voluntary remediation of barrier renders the claim based upon that barrier moot). A mootness challenge in the present context turns on whether "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," *Lindquist v. Idaho State Bd. of Corrs.*, 776 F.2d 851, 854 (9th Cir. 1985), such that Plaintiff cannot obtain "any effective relief." *West v. Sec'y of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000).

### C. Analysis

Importantly, Defendant counters that because it voluntarily made all of the requested changes in order to come into compliance with the ADA, Plaintiff's claims are moot.[1] (Dkt. No. 14 at 7.) Defendant did not bring an independent, formal cross motion for summary judgment. However, in raising the argument in this manner, Defendant identified a key issue for the Court's analysis and conserved party and Court resources. Moreover, in the absence of such a cross motion, the Court has authority to grant summary judgment in favor of the nonmoving party "after giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(1); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 971–72 (9th Cir. 2010).

The Court finds that because Defendant, in its response brief, requested that the Court

---

[1] Additionally, Defendant argues that (1) Plaintiff has not established standing to bring her claims because she is not deterred from patronizing the property, (2) she has not met her burden of proving the removal of the alleged barriers is readily achievable, and (3) summary judgment at this point is premature. (*Id.*) Because the Court finds Plaintiff's claims are moot, it will not address Defendant's additional arguments.

dismiss Plaintiff's claims as moot (Dkt. No. 14 at 3, 8–11), Plaintiff was on notice. Further, Plaintiff fully briefed the mootness issue in her reply brief. (Dkt. No. 21 at 5–7.) Therefore, it is unnecessary for the Court to call for additional briefing on this issue. Plaintiff was on notice and had an opportunity to respond. Accordingly, the Court will rule on this issue under Rule 56(f)(1).

As evidenced by the timeline of events, Defendant acted swiftly and diligently upon notice from Plaintiff's counsel that its parking lot was in violation of the ADA. Defendant remedied all of the deficiencies specified in Plaintiff's motion for summary judgment[2] in just over four months. This includes the nearly seven weeks of delay caused by the City of Kirkland, an entity over which Defendant had no control. Plaintiff filed her complaint while Defendant was waiting for the City of Kirkland to approve the permit, and brought the present motion for summary judgment after Defendant had begun construction to remove the barriers. By the time Plaintiff's motion for summary judgment became ripe for this Court's review, Defendant had completed construction, bringing its parking lot into ADA compliance. (Dkt. No. 16 at 3–4; Dkt. No. 19.) The alleged violations having already been corrected, the Court cannot offer any further relief to Plaintiff.

In her reply brief, Plaintiff argues that her claims fall under the "voluntary cessation" exception to mootness. (Dkt. No. 21 at 6.) In so doing, she argues that it is not "'absolutely clear'" that the challenged conduct "'could not reasonably be expected to recur.'" (*Id.*) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 190 (2000)). Although the party claiming mootness faces a formidable burden, Defendant has carried it here. Defendant expended

---

[2] Defendant did not receive notice of the specific violations until Plaintiff filed her motion for summary judgment. (*Compare* Dkt. No. 1 at ¶ 25 with Dkt. No. 7 at 12–14.) The Court need not determine at this time whether Plaintiff adequately pleaded the alleged ADA violations in her complaint, and if not, whether ADA violations specified in a motion for summary judgment still gives the Defendant fair notice. *See Oliver*, 654 F.3d at 909 ("[F]or purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere.").

almost $41,000 to make permanent structural changes to its parking lot. (Dkt. No. 17 at 3.) The Court finds it highly unlikely that Defendant would spend more money to hire another architect and contractor to return its property to a state of noncompliance. Accordingly, Plaintiff's ADA claims, as well as her WLAD claims which are premised on the ADA violations, are moot.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment and attorney fees (Dkt. No. 7) is DENIED. Pursuant to Rule 56(f)(1), summary judgment is GRANTED in favor of Defendant. Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to close this case.

DATED this 15th day of June, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE